## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KEVIN KWON on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | Civil Action Number: |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | Jury Trial Demanded |
| CASTLE 5, LLC, d/b/a CHAPEL BEAUTY SUPPLY, a Georgia Corporation; BEAUTY OF AMERICA, LLC d/b/a CHAPEL BEAUTY SUPPLY, a Georgia Corporation; and NAM K. PARK, individually, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## FAIR LABOR STANDARDS OVERTIME COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Kevin Kwon (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant Castle 5, LLC d/b/a Chapel Beauty Supply (hereinafter "Defendant Castle 5"); Beauty of America, LLC d/b/a Chapel Beauty Supply (hereinafter "Defendant Beauty of America"); and Defendant Nam K. Park (hereinafter "Defendant Park") (collectively "Defendants") on behalf of himself and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1.    The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the collective action provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful overtime wages.

2.    Named Plaintiff brings this action as a collective action on behalf of himself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3.    Other current and former employees of Defendants are also entitled to receive overtime compensation for the reasons alleged in this Complaint.  The above-named Plaintiff may be permitted to maintain this action "for and on behalf of himself . . . and other employees similarly situated."  29 U.S.C. § 216(b).  Any similarly situated current or former employee of Defendants in the position of "manager" wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

4.     Plaintiff and those similarly situated were employed by Defendants working as "manager" at one of Defendants' retail stores.

5.   During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendants committed violations of the FLSA by failing to compensate employees at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

6.     Plaintiff and all similarly situated current and former employees of Defendants who elect to participate in this action seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8.   Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9.     Plaintiff resides in Lawrenceville, Gwinnett County, Georgia (within this District) and is a citizen of the United States.   Plaintiff was employed by Defendants from approximately January 16, 2011 until approximately September 29, 2014 as a manager at several of Defendants' retail beauty supply stores.

10.     At all times material to this action, Plaintiff and any collective group similarly situated were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.   These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendants.

11.     Defendant Castle 5 is a corporation formed under the laws of the State of Georgia.

12.     Defendant Castle 5 conducts business within this State and District.

13.     Defendant Castle 5 does business as one of Defendants' Chapel Beauty Supply retail stores located at 2845 Candler Road, #A2, Decatur, Georgia 30034.

14.     Defendant Castle 5 is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Nam K. Park, 2632 Rainbow Way, Decatur, Georgia 30034.

15.     Defendant Beauty of America is a corporation formed under the laws of the State of Georgia.

16.     Defendant Beauty of America conducts business within this State and District.

17.     Defendant Beauty of America does business as one of Defendants' Chapel Beauty Supply retail stores located at 2632 Rainbow Way, Decatur, Georgia 30034.

18.     Defendant Beauty of America is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Nam K. Park, 2632 Rainbow Way, Decatur, Georgia 30034.

19.     Upon information and belief, Defendant Park is the owner of Defendants Castle 5 and Beauty of America.

20.     Defendant Park is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 2632 Rainbow Way, Decatur, Georgia 30034.

21.     At all times material to this action, Defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

22.    At all times material to this action, Defendants were an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

23.    The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

24.    Upon information and belief, in addition to the two retail locations at Candler Road and Rainbow Way, Defendant Park also maintained Castle Beauty Supply retail stores located at 8140 Mall Parkway, Lithonia, Georgia 30038 and 3564 Wesley Chapel Road, Decatur, Georgia 30034.

25.    Upon information and belief, Defendant Park is responsible for all employment policies at all four retail locations, including wage and hour policies applicable to Plaintiff and those similarly situated to Plaintiff.

26.    Upon information and belief, Defendant Park and Defendant Beauty of America assigned Plaintiff to work as a manager at its Castle Beauty Supply retail store at the Rainbow Way location from the beginning of his employment until approximately September 2013.

27.    In approximately September 2013, Defendant Park and Defendant Castle 5 assigned Plaintiff to work as a manager at its Castle Beauty Supply retail store at its Candler Road location until approximately September 29, 2014.

28.     At all times relevant to this action, Plaintiff's primary duties were to order new products, receive new products, stock new products, and to make sales to customers.

29.     At each of Defendants' retail locations, Defendant employed multiple "managers."

30.     At all times relevant to this action, the primary duties of those managers were similar to Plaintiff.

31.     At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

32.     At all times relevant to this action, the primary duty of those similarly situated was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

33.     At all times relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

34.     At all times relevant to this action, those similarly situated were not responsible for customarily and regularly directing the work of two or more other employees.

35.    At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

36.    At all times relevant to this action, those similarly situated did not possess the authority to hire or fire other employees.

37.    At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

38.    At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

39.    Defendants' pay practices were the same at each retail location.

40.    Defendants' pay practices were the same for Plaintiff and all of its managers.

41.    Defendants classified Plaintiff and the managers as "salaried" employees.

42.    However, the "salary" that Defendants paid Plaintiff and the managers was actually a day rate of approximately $100.

43.    Defendants' "salary" for Plaintiff and those similarly situated was not based upon a week's worth of work but instead was based upon the number of days Plaintiff and those similarly situated worked each week.

44.    Defendants had an actual practice of deducting pay from Plaintiff and those similarly situated for being late, leaving early, and for not working a shift.

45.    Additionally, Plaintiff and those similarly situated individuals, routinely did not receive at least $455 in salary per week.

46.    At all times relevant to this action, Defendants regularly required Plaintiff and those similarly situated to work in excess of forty hours a week.

47.    Defendants did not compensate Plaintiff and those similarly situated at a rate of time and one-half of their regular rate of pay for hours over forty per workweek.

48.    Defendants had a policy and/or practice of not compensating Plaintiff and their managers at a rate of time and one-half of their regular rate of pay for hours over forty per workweek.

49.    Upon information and belief, during at least the previous three years, Defendants did not compensate any of its managers, including Plaintiff, at a rate of time and a one-half for hours worked over forty per workweek.

50.    At all times relevant to this action, Plaintiff and those similarly situated individuals were non-exempt employees for purposes of overtime compensation.

51.    Defendants knew that Plaintiff was entitled to a rate of time and one-half for all overtime hours pursuant to the FLSA.

52.    Defendants knew that those similarly situated to Plaintiff were entitled to a rate of time and one-half for all overtime hours pursuant to the FLSA.

53.    Defendants knew that Plaintiff and those similarly situated were routinely working over forty hours per week.

54.    Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff and those similarly situated.

55.    Defendants are liable to Plaintiff and those similarly situated for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times the regular rate at which Plaintiff and those similarly situated were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, 206, and 207.

56. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and those similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

57. As a result of Defendants' willful violations of the FLSA, Plaintiff and those similarly situated are entitled to liquidated damages.

58. Plaintiff demands a jury trial.

## COUNT I

59. Plaintiff repeats and incorporates by reference paragraphs 1 - 58 herein.

60. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff and those similarly situated in accordance with §§ 203 and 207 of the FLSA.

61. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff and those similarly situated.

62. As a result of Defendants' violations of the FLSA, Plaintiff and those similarly situated have suffered damages by failing to receive overtime in accordance with §§ 203 and 207 of the FLSA.

11

63.    As a result of the unlawful acts of Defendants, Plaintiff and those similarly situated have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated person who will opt-in to this action, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.    That all Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B.    That all Plaintiffs be awarded pre- and post-judgment interest;

C.    That all Plaintiffs be awarded reasonable attorneys' fees;

D.    That all Plaintiffs be awarded the costs and expenses of this action; and

E.    That all Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 13 day of November, 2014.

MARTIN & MARTIN, LLP

By: _____

Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax