

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is hereby entered into by and between Kevin Kwon ("Kwon"), and Castle 5, LLC, d/b/a Chapel Beauty Supply, Beauty of America, LLC d/b/a Chapel Beauty Supply, and Nam K. Park ("Defendants") (collectively, the "Parties"), as of the date that the last party signs this Agreement (the "Effective Date"). As used herein, the phrases "this Agreement," "hereto," "hereunder," and phrases of like import shall mean this Agreement. All capitalized terms shall have the meanings ascribed to them in the Agreement.

WHEREAS, Kwon was employed with the Company from January 2011 through September 2014; and

WHEREAS, on November 3, 2014, Kwon filed a Complaint against the Company in the United States District Court for the Northern District of Georgia, (the "Court") captioned as *Kevin Kwon, et al v. Castle 5 LLC, et al*, Case 1:14-cv-03665-TWT, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA") (the "Litigation"); and

WHEREAS, the Parties desire to finally and forever resolve all disputed matters between them existing as of the date of this Agreement, whether or not raised in the Litigation; and

WHEREAS, the Parties have entered into this Agreement to bring about such resolution;

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Agreement, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Settlement Amount.** Provided that Kwon executes this Agreement, Defendants shall pay Kwon the amount of Twenty Five Thousand and No/100ths Dollars ($25,000.00), less applicable taxes, withholdings or deductions (the "Gross Settlement Amount") no later than ten (10) days after the Effective Date. The Gross Settlement Amount shall be allocated as follows:

    (i) The gross sum of Seven Thousand Five Hundred and No/100ths Dollars ($7,500.00) made payable to Kevin Kwon, which shall constitute the entire amount payable to Kwon for his Released Claims, as that term is defined in Paragraph 2, including payment for any alleged unpaid wages (including overtime compensation), back pay, interest, and any similar forms of relief he may have sought in the Litigation.

    (ii) The sum of Seven Thousand Five Hundred and No/100ths Dollars ($7,500.00) by separate payment made payable to Kevin Kwon, which shall constitute the entire amount payable to him for alleged liquidated damages, compensatory damages, interest, and any other damages or similar forms of relief he may have sought in the Litigation.

Case 1:14-cv-03665-TWT   Document 18-1   Filed 03/23/15   Page 2 of 7



      (iii)    The sum of Ten Thousand and No/100ths Dollars ($10,000.00) as payment for Kwon's attorneys' fees and litigation expenses, made payable to Kwon's counsel, Martin & Martin, LLP.

Kwon assumes full responsibility to all federal, state and local taxing authorities and agrees to indemnify and hold Defendants and/or any entities or individuals affiliated with them harmless from any and all tax consequences, including interest, penalties, fines and/or attorneys' fees, arising out of the payment to him of the Gross Settlement Amount. The Gross Settlement Amount is the total and sole consideration to be paid by Defendants to Kwon and his counsel for this Agreement and includes all costs and attorney's fees. It is expressly understood that the Amount is paid to and accepted by Kwon in full settlement of all alleged damages arising out of the subject matter of this Agreement, whether known or unknown and whether or not ascertainable at the time of the execution of this Agreement. Kwon also understands that his entitlement to and retention of the benefits mentioned herein are expressly conditioned upon Kwon's fulfillment of the promises herein.

      2.    **General Release.** In further consideration of the foregoing, Kwon does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Defendants, their corporate subsidiaries, parents and affiliates, and their current and former officers, directors, employees, shareholders, attorneys, servants, agents, representatives and insurers, together with their predecessors, successors and assigns (hereinafter collectively referred to as "Releasees"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity (hereinafter collectively referred to as "Released Claims"), whether known or unknown, which Kwon ever had, now has, or may or might in the future have against the Releasees, arising out of events or occurrences arising at or before the moment Kwon signs this Agreement, including, but not limited to: (i) those claims which were or could have been asserted in the Litigation; (ii) those claims arising under the FLSA; (iii) those claims arising under Title VII of the Civil Rights Act of 1964; (iv) those claims arising under 42 U.S.C. § 1981; (v) those claims arising under the Civil Rights Act of 1991; (vi) those claims arising under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008; (vii) those claims arising under the Rehabilitation Act of 1973; (viii) those claims arising under the Equal Pay Act of 1963; (ix) those claims arising under the Genetic Information Nondiscrimination Act of 2008; (x) those claims arising under the Family and Medical Leave Act of 1993 ("FMLA"); (xi) those claims arising under the National Labor Relations Act, as amended by the Labor-Management Relations Act ("NLRA"); (xii) those claims arising under the Employee Retirement Income Security Act of 1974; (xiii) those claims arising under the Worker Adjustment and Retraining Notification Act of 1988; (xiv) those claims arising under any other federal or state fair employment practices or wage and hour statute, or any ordinance promulgated by any county, municipality, or other state or federal subdivision; (xv) those claims for retaliatory or wrongful discharge of any kind; (xvi) those claims for intentional or negligent infliction of emotional distress or outrageous conduct; (xvii) those claims for breach of contract (express or implied, in fact or in law, oral or written), or any duty or implied covenant of good faith and fair dealing; (xviii) those claims for breach of fiduciary duty, fraud, misrepresentation, breach of right of privacy, libel, slander, defamation or tortious conduct of any kind; (xix) those claims for interference with business relationships, contractual relationships, or employment relationships of any kind; (xx) those claims arising from or in reliance upon any statute, regulation, rule or ordinance (local, state or federal); (xxi) any and all

2



or any other multi-party litigation, against any Releasee involving any of the Released Claims. Likewise, Kwon agrees that he will opt-out or otherwise withdraw from any such litigation to which he becomes a member or participant.

If Kwon violates this Covenant by suing any of the Releasees for any Released Claims, Kwon shall be liable to such Releasees as are party to such lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such lawsuit. Alternatively, if Kwon sues any of the Releasees for any Released Claims, that Kwon may be required, at the option of such Releasee, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to Kwon pursuant to this Agreement, which amount Kwon acknowledges constitutes good and valuable consideration for the promises and covenants in this Agreement.

Nothing in this Paragraph 3 shall apply to prohibit Kwon suing to enforce the terms of this Agreement. Nothing in this Paragraph 3 precludes or restricts Defendants from seeking any and all damages, injunctive relief, and/or other remedies against Kwon for violation of any paragraph of this Agreement. Kwon acknowledges and agrees that the Covenant Not to Sue in this Paragraph 3 is an essential and material term of this Agreement without which the Parties could not have reached a settlement. Kwon affirms that he understands and acknowledges the significance and consequence of this Paragraph 3.

4. **Waiver of Reemployment.** Kwon covenants that he will never knowingly apply for or accept employment with a Defendant, or its corporate subsidiaries, parents, or affiliates. Kwon acknowledges and agrees that in the event that he applies for employment with any of these entities, such application shall constitute a breach of this Agreement, and such breach shall be a legitimate, non-discriminatory and non-retaliatory reason for any refusal to hire him. Kwon further acknowledges and agrees that in the event that he is mistakenly rehired by any of these entities, such acceptance of employment shall constitute a breach of this Agreement, and such breach shall be a legitimate, non-discriminatory and non-retaliatory reason for his termination, without cause, without notice, and without recourse available to him against these entities. Kwon further agrees that he will not assert, file or prosecute any charge or claim against a Defendant or its corporate subsidiaries, parents, or affiliates based on this Paragraph.

5. **Non-Admission.** This Agreement is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorneys' fees, costs, punitive damages, penalties, judgments, claims or demands released herein. Neither this Agreement nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose.

6. **Basis for Settlement.** Each party acknowledges and agrees that the terms of this Agreement are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses. Each party also acknowledges and agrees that he or it has relied entirely on his or its own judgment, belief and knowledge (including his or its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the Litigation, and the value of settling the Litigation at this time) and the advice and recommendations of his or its own independently selected counsel, and, accordingly,



except as set forth herein, neither he or it nor anyone acting on his or its behalf shall (or shall have the right to) deny or challenge the validity of this Agreement or any of the obligations of the Parties hereunder.

7. **Construction.** This Agreement has been negotiated by the Parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any of the Parties. The interpretation and construction of this Agreement shall be subject to the following provisions: (a) words importing the singular meaning include where the context so admits the plural meaning and vice versa; (b) the terms "and" and "or" as used herein shall mean both the conjunctive and the disjunctive, so that one word or the other may be taken accordingly as the one or the other (i.e., "and/or"); (c) the word "any" shall mean "all" or "one out of several"; (d) references to any person shall include natural persons and partnerships, firms and other incorporated bodies and all other legal persons of whatever kind and however constituted; (e) the words "include," "includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and (f) captions and headings used herein are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement.

8. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, conservators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein.

9. **Waiver.** Failure by any party to insist upon strict performance of any provision herein by any other party shall not be deemed a waiver by such party of its rights or remedies or a waiver by it of any subsequent default by such other party, and no waiver shall be effective unless it is in writing and duly executed by the party entitled to enforce the provision being waived.

10. **Severability.** In the event that any term, covenant, condition, agreement, section or provision hereof shall be deemed invalid or unenforceable, this Agreement shall not terminate or be deemed void or voidable, but shall continue in full force and effect and there shall be substituted for such stricken provision a like but legal and enforceable provision which most nearly accomplishes the intention of the Parties hereto.

11. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties regarding the subject matter set forth herein, and all prior statements, negotiations, representations or warranties are expressly merged herein. Except as set forth in this Agreement, no party has relied upon the representations of another Party to induce them to enter into this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing duly executed by authorized representatives of the Parties.

12. **Choice of Law and Forum Selection.** This Agreement will be interpreted under and is governed by the laws of the State of Georgia without regard to conflicts of laws principles. The Parties (a) hereby irrevocably submit themselves to and consent to the exclusive jurisdiction of the United States District Court for the Northern District of Georgia (or, if such court lacks jurisdiction, the state courts for Gwinnett County, Georgia) for the purposes of any action, claim,



suit or proceeding arising from or relating to this Agreement, and (b) hereby waive, and agrees not to assert, by way of motion, as a defense or otherwise, in any such action, claim, suit or proceeding, any argument that he or it is not personally subject to the jurisdiction of such court(s), that the action, claim, suit or proceeding is brought in an inconvenient forum, or that the venue of the action, claim, suit or proceeding is improper.

13. **Counterparts.** This Agreement may be executed in separate counterparts, each of which shall constitute an original. Facsimile or electronic signatures shall be treated as originals.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]



      The undersigned acknowledges that he has read and understands the foregoing Settlement Agreement and General Release, and that the undersigned agrees to the same and voluntarily executes the same this _____ day of _____, 2015.

KEVIN KWON

_____
Signature

_____March 17, 2015_____
Date



The undersigned acknowledge that their authorized signatories have read and understand the foregoing Settlement Agreement and General Release, and that the undersigned agree to the same and voluntarily execute the same this _____ day of _____, 2015.

CASTLE 5, LLC d/b/a CHAPEL BEAUTY SUPPLY

_____
Signature

Print Name: Nam Kwaun Park

Title: President

Date: 7. 19. 2015

BEAUTY OF AMERICA, d/b/a CHAPEL BEAUTY SUPPLY

_____
Signature

Print Name: Nam Kwaun Park

Title: President

Date: 7. 19. 2015

NAM K. PARK

_____
Signature

Print Name: Nam Kwaun Park

Title: President

Date: 7. 19. 2015